UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TALEH GULIYEV,<br><br>              Petitioner,<br><br>     v.<br><br>WARDEN, et al.,<br><br>              Respondents. | No.  2:26-cv-00899-DAD-CKD<br><br>ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AS HAVING BEEN RENDERED MOOT<br><br>(Doc. Nos. 1, 2) |

On March 16, 2026, petitioner Taleh Guliyev filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE").  (Doc. No. 1.)  Petitioner alleges that on January 15, 2026, he was detained by immigration authorities without any warning, paperwork, or legitimate reason.  (*Id.* at 4.)  Petitioner seeks immediate release from detention and reasonable attorney's fees and costs. (*Id.* at 10.)  Also on March 16, 2026, petitioner filed a motion for temporary restraining order. (Doc. No. 2.)

On March 17, 2026, respondents filed their opposition to the pending motion for a temporary restraining order.  (Doc. No. 6.)  In that opposition, respondents state that petitioner had been previously detained by ICE and released.  (*Id.* at 2.)  Further, respondents submit their

1

brief "as a response to the habeas petition itself and do not oppose the Court resolving the merits of the petition[]" and "do not request a hearing."  (*Id.* at 1.)

Accordingly, pursuant to the court's reasoning as stated in *Perez v. Albarran*, No. 1:25-cv-01540-DAD-CSK (HC), 2025 WL 3187578 (E.D. Cal. Nov. 14, 2025), where just as here the petitioner had been previously detained by ICE and released, the court will grant in part the pending petition for writ of habeas corpus.

For the reasons explained above,

1.     Petitioner's petition for writ of habeas corpus and motion for temporary restraining order (Doc. No. 1) is GRANTED in part;

    a. Respondents are ORDERED to immediately release petitioner from respondent's custody on the same conditions he was subject to immediately prior to his January 15, 2026 re-detention;

    b. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge where respondents will have the burden of demonstrating by clear and convincing evidence that petitioner is a danger to the community or a flight risk;

    c. Petitioner's request for attorney's fees and costs pursuant to 28 U.S.C. § 2412 is DENIED without prejudice to bringing a properly noticed and supported motion;

2.     Petitioner's motion for a temporary restraining order (Doc. No. 2) is hereby DENIED as having been rendered moot by this order granting habeas relief; and

/////

/////

/////

/////

/////

2

3.      The Clerk of the Court is directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated:   **March 20, 2026**

_Dale A. Drozd_
DALE A. DROZD
UNITED STATES DISTRICT JUDGE